IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

A.E., *et al.*,
*an infant, by and through Linda Everett,
her mother and next friend,*

        **Plaintiffs,**

v.                                                          Civil Action No. 3:18cv651

**ASHFORD GATEWAY TRS
CORPORATION GROUP, INC.** *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on three motions:[1] Defendant Cabling Solutions of Rutherford County, LLC's ("Cabling Solutions") Motion to Transfer Case ("Cabling Solutions's Motion to Transfer"), (ECF No. 2); Defendant Humphrey Rich Construction Group, Inc.'s ("Humphrey") Motion to Transfer Case ("Humphrey's Motion to Transfer"), (ECF No. 13); and Defendant Marriott Hotel Services, Inc.'s ("Marriott") Motion to Change Venue ("Marriott's Motion to Transfer"), (ECF No. 21) (collectively, the "Motions to Transfer"). Plaintiffs A.E.[2] and Linda Everett (collectively, "Plaintiffs") did not respond to the Motions to Transfer and the time to do so has expired.

---

[1] The following motions also pend: Plaintiffs' Motion to Remand, (ECF No. 5); Defendant H. Jason Gold's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, (ECF No. 7); and Defendant Marriott's Motion to Dismiss for Failure to State a Claim, (ECF No. 19).

[2] Federal Rule of Civil Procedure 5.2 requires any filing containing the name of an individual known to be a minor to include only the minor's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Because the Court is transferring the action to the Alexandria Division of the United States District Court for the Eastern District of Virginia, the Court defers to the Alexandria-based judge on how to address the extant record so as to comply with this rule.

Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[3] For the reasons that follow, the Court will grant the Motions to Transfer.

## I. Factual and Procedural Background

### A. Factual Background

Plaintiffs bring this personal injury action against Defendants[4] for damages A.E. sustained while attending an event at a Marriott hotel, in Arlington, Virginia. (Compl. ¶¶ 12, 23–24, ECF No. 1-1.) On August 31, 2014, A.E. "and her family were invitees and guests of the [Marriott hotel] and attending a family reunion with her grandparents which was held inside of the hotel's ballroom." (Compl. ¶ 23, ECF No. 1-1.) Plaintiffs allege that "[u]nexpectedly and without warning, a large piece of a light fixture inside of the ballroom fell from the ceiling directly above [A.E.], striking her in the head." (*Id.* ¶ 24.) As a result, A.E. "suffered severe injuries to her head, including a depressed skull fracture, exposing brain matter." (*Id.* ¶ 26.)

---

[3] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332.

Plaintiffs are residents of Pennsylvania and Cabling Solutions, the only defendant properly joined and served at the time of removal, is a Tennessee limited liability company. Cabling Solutions states "it has two members, Lori Brown and Matthew Brown, who are both residents of Murfreesboro, Tennessee." (Fin. Disc. Statement 1, ECF No. 50.)

Linda Everett challenged the removal based on lack of diversity and lack of consent. The Court defers ruling on the Motion to Remand, (ECF No. 5), to the Alexandria Division.

[4] The Complaint names the following defendants: Ashford Gateway TRS Corporation Group, Inc. ("Ashford"); Marriott Hotel Services, Inc.; Leo A. Daly Company; Cabling Solutions of Rutherford County, LLC; Mambo Contractors, Inc.; H. Jason Gold; Onyx Construction Group, LLC; Edgar Uriona; and, Humphrey Rich Construction Group, Inc.

2

Plaintiffs allege that, prior to this incident, Defendants "all participated in the design, installation, and/or inspection of the ballroom modifications" as part of a significant renovation project. (*Id.* ¶ 20.) Plaintiffs aver that "the design, installation[,] and inspection of the lighting fixtures [were] negligent and in disregard for the safety of [A.E.]." (*Id.* ¶ 21.) Plaintiffs elaborate:

> Defendants knew that there would be large gatherings of people congregating under these lighting fixtures[,] creating a heightened duty to make sure that the renovations were performed properly and resulted in a safe environment. Despite this heightened duty, Defendants proceeded with a negligent decision to hang large, heavy blocks of Plexiglas held up by minimal fasteners, with no framework or other supporting structure. . . . Defendants had complete control over this process from design, through installation, inspections[,] and repair.

(*Id.* ¶ 21.) Plaintiffs also claim that, two days prior to the incident giving rise to the injuries, Cabling Solutions removed "the lenses in the ballroom's lighting in order to gain access to work above the ceiling, negligently reinstalling them without properly securing them." (*Id.* ¶ 22.)

A.E. alleges various damages, including: serious and severe bodily injuries, ongoing physical and mental impairment, impairment on her enjoyment of life, loss of future earnings and earning capacity, and ongoing expenses related to treating her injuries and educational tutoring. Linda Everett, as A.E.'s mother and legal guardian, "has been caused to lose the services of her daughter and has been compelled to expend large sums of money for medical and hospital services." (Compl. ¶ 29.) Plaintiffs seek $15,000,000, plus interest and costs, and other relief that the Court may deem appropriate.

### B. Procedural History

Plaintiffs filed the Complaint in the Circuit Court of the City of Richmond (the "Richmond Circuit Court"). Cabling Solutions waived service of process and filed an Answer on September 21, 2018. (Notice Removal ¶ 2, ECF No. 1.) On September 24, 2018, before any

other defendant was served, Cabling Solutions removed the case to this Court pursuant to 28 U.S.C. §§ 1441[5] and 1332. On September 28, 2018, Cabling Solutions filed Cabling Solutions's Motion to Transfer. Plaintiffs did not respond and the time to do so has expired.

On October 19, 2018, Plaintiffs filed the Motion to Remand. Cabling Solutions and Ashford opposed the Motion to Remand. (ECF Nos. 25, 34.) Plaintiffs replied to Cabling Solutions's opposition, but did not reply to Ashford's opposition.

On October 26, 2018, Humphrey Rich Construction Group, Inc. filed Humphrey's Motion to Transfer, to which Plaintiffs did not respond. On October 29, 2018, Marriott filed Marriott's Motion to Transfer, to which Plaintiffs did not respond.

## II. Analysis

Cabling Solutions moves to transfer this case to the Alexandria Division of the United States District Court for the Eastern District of Virginia (the "Alexandria Division"), claiming the Richmond Division for the Eastern District of Virginia (the "Richmond Division") constitutes an improper venue,[6] or in the alternative, an inconvenient forum pursuant to 28 U.S.C. § 1404(a). Humphrey and Marriott also rely on § 1404(a) to argue in favor of transferring the case to the Alexandria Division. Based on the record before it, and lacking any

---

[5] Section 1441 provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[6] Cabling Solutions's argument related to improper venue appears to lack merit. Cabling Solutions relies on 28 U.S.C. § 1391(b) to challenge venue, but § 1391 does not appear to govern because Cabling Solution removed the action from Richmond Circuit Court. *See* § 3732 Procedure for Removal—Venue in Removed Actions, 14C Fed. Prac. & Proc. Juris. § 3732 (4th ed.) ("The general removal statute, Section 1441(a) of Title 28, provides that the venue of a removed case is 'the district and division embracing the place where such action is pending.' Accordingly the general venue statutes, Section 1391 through Section 1393, do not apply to cases that have been initiated in a state court and removed to federal court." (collecting cases).)

4

opposition, the Court concludes that transferring the case to the Alexandria Division promotes greater convenience to the parties and serves the interest of justice.

### A. Legal Standard

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer a case rests in the district court's sound discretion. *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). A court determining the propriety of a motion to transfer under § 1404(a) follows a two-step inquiry. *Bascom Research, LLC v. Facebook, Inc.*, No. 1:12cv1111, 2012 WL 12918407, at *1 (E.D. Va. Dec. 11, 2012). First, the court determines whether the claims could have been brought in the transferee forum. *Id.* Second, the court considers the following four factors: "(1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Id.* A court's decision to transfer depends on the particular facts of the case because § 1404(a) "provides no guidance as to the weight" that courts should afford each factor. *Samsung Elecs. Co., LTD. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005).

### B. The Court Will Transfer This Case to the Alexandria Division

Under the facts presented, the Court finds transfer to the Alexandria Division appropriate. First, no doubt exists that Plaintiffs could have brought their claims in the Alexandria Division. Title 28, § 1391 states, in relevant part: "A civil action may be brought in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. The acts that give rise to this suit largely took place in Arlington, Virginia, within the Alexandria Division. Such acts include Defendants' allegedly negligent installation and inspection of the light fixture in the Marriott hotel, Cabling Solutions's allegedly negligent

5

maintenance work two days prior to the incident, the actual incident of the lighting fixture falling on A.E., and the immediate medical response to the incident.

Next, the Court weighs the potential convenience to parties and the interest of justice. The Court concludes that these two considerations favor transferring this action to the Alexandria Division. *See Bascom*, 2012 WL 12918407 at *1. As to the first factor, the plaintiff's choice of forum, no evidence before the Court suggests that Plaintiffs prefer either the Richmond Division or the Alexandria Division. Plaintiffs brought this action in Richmond Circuit Court, and the Motion to Remand suggests dissatisfaction with being in any federal court.[7]

Even were the Court to evaluate the Richmond Division as Plaintiffs' preferred forum, "deference to that forum choice varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." *Bascom*, 2012 WL 12918407, at *1 (quotation and citation omitted). When the plaintiff has only a "weak connection" with the forum, the plaintiff's choice of forum carries little weight. *Id.* Here, on the record before the Court, no connection appears to exist, much less a weak one.

As to convenience of the parties, the Court finds the Alexandria Division clearly offers greater convenience to the parties. It appears that none of the parties reside in or maintain their principal place of business in the Richmond Division, and no party has opposed a transfer to the Alexandria Division. Cabling Solutions argues that "three of the parties are from Northern Virginia and two of the parties are foreign entities which own or operate the property where the

---

[7] Although a court usually weighs a plaintiff's choice of forum heavily in the plaintiff's favor, Marriott argues that Plaintiffs' choice of forum should not weigh in Plaintiffs' favor "because [they] did not choose the forum, it is not [their] 'home forum,' and the claim in this case does not have any real connection or relation to the Richmond [D]ivision." (Mem. Supp. Marriott's Mot. Transfer 3, ECF No. 22.) These observations ring true.

subject incident occurred[,] which is in Arlington County." (Mem. Supp. Cabling Solutions's Mot. Transfer 4–5, ECF No. 2-1.) Humphrey argues that the Alexandria Division "is . . . closer to the majority of parties." (Mem. Supp. Humphrey's Mot. Transfer ¶ 4, ECF No. 14.) Plaintiffs reside in Pennsylvania and Marriott states that the Alexandria Division "enjoys relatively easier access by air, by train, and by car from Pennsylvania." (Mem. Supp. Marriott's Mot. Transfer 3–4.) The Court concludes that the arguments in the Motions to Transfer meet their burden to show that transferring the action to the Alexandria Division will provide greater convenience to the parties.

As to the third factor, the convenience and access to witnesses, the Court finds this factor also favors transferring the action. According to Cabling Solutions, "[t]he non-party witnesses in this matter will clearly be inconvenienced by having to appear in this Division." (Mem. Supp. Cabling Solutions's Mot. Transfer 7.) Cabling Solutions argues that likely witnesses to the incident reside in or nearer to the Alexandria Division, including relatives of A.E. that attended the family gathering at the Marriott hotel, employees of Defendants, and emergency response personnel that responded to the incident.[8] (Mem. Supp. Cabling Solutions's Mot. Transfer 7.) Based on the record before it, the Court concludes that the Alexandria Division plainly seems more convenient to witnesses than the Richmond Division.

Finally, considering the fourth factor, the interest of justice, transfer is appropriate. The events giving rise to the suit transpired in the Alexandria Division. The Alexandria Division

---

[8] In support of this argument, Cabling Solutions relies on information from prior litigation stemming from the same incident. Selena Gillespie, grandmother of A.E., previously brought suit against some of the defendants in this current action, for damages sustained during the same incident. *See Gillespie v. Marriott Int'l, Inc., et al.*, No. 3:15cv43 (E.D. Va.) (Gibney, J.). The Court need not rely on Cabling Solutions's proffered documents to conclude that witnesses to an incident that took place in Arlington, Virginia are more likely to reside in or near Alexandria than Richmond.

appears more convenient to parties and to witnesses. Plaintiffs did not file any opposition to the Motions to Transfer. The Court does not see any other consideration that could weigh in favor of proceeding in the Richmond Division.

Accordingly, the Court will transfer the action to the Alexandria Division.

### III. Conclusion

For the foregoing reasons, the Court will grant the Motions to Transfer.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Date: 11/21/18
Richmond, Virginia